## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Honorable: Civil Action No.: |
| Plaintiff, | |
| v. | |
| PERO FAMILY FARMS FOOD COMPANY, LLC, | COMPLAINT AND JURY TRIAL DEMAND |
| Defendant. | |

_____/

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Melissa Soetaert ("Soetaert"). As alleged with greater particularity in paragraph 13 below, the EEOC alleges that Defendant, Pero Family Farms Food Co., LLC ("Defendant"), violated Title VII by creating and maintaining a sexually hostile work environment.

## **JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Western District of Michigan.

## **PARTIES**

3. Plaintiff Equal Employment Opportunity Commission ("the Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all times, Defendant has continuously been a company

incorporated under the laws of the State of Florida, doing business in the city of Benton Harbor, Michigan, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than 30 days prior to the institution of this lawsuit, Soetaert filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On October 25, 2022, the Commission issued to Defendant a Letter of Determination regarding Soetaert's charge, found reasonable cause that Title VII was violated, and invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant with the opportunity to remedy the

discriminatory practices described in the Letter of Determination.

9. On November 10, 2022, Defendant informed the Commission that it was not interested in participating in conciliation.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission with respect to Soetaert's charge of discrimination.

11. On November 10, 2022, the Commission issued a Notice of Failure of Conciliation to Defendant.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## **STATEMENT OF CLAIMS**

## **TITLE VII**

13. Beginning in July 2019 and continuing through December 2019, Defendant engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2 (a)(1).

    a. Defendant has engaged in sex discrimination against Soetaert at its Benton Harbor, Michigan, headquarters by subjecting

Soetaert to severe or pervasive sexual harassment, thus creating and maintaining a hostile work environment because of her sex.

    b.    From July 2019 through December 2019, a forklift-driving co-worker with whom Soetaert had had a prior romantic relationship regularly and inappropriately uttered offensive sexual remarks to and about Soetaert, both on and off the job. This included comments about her breasts and buttocks, her sexual history, accusations of her having sex with other forklift and truck drivers, calling her a "bitch" and telling her to "suck a dick" when he refused her requests to move product.

    c.    The forklift driver also occasionally made violent threats to Soetaert because of sex, saying he would run her over with a forklift, threatening to get a female co-worker to "beat [her] ass."

    d.    Throughout the course of her employment, Soetaert was subjected to the unwelcome sexual, vulgar and hostile language and behavior as described in subparagraph (b) and (c) above.

    e.    Soetaert repeatedly complained to and attempted to work with Defendant's supervisor and human resources personnel to address the forklift driver's harassment that was

occurring both on and off the job.

      f.     The supervisor promised to talk to the forklift driver, and occasionally counseled the driver regarding his behavior. But on at least one occasion during such counseling, the supervisor told the forklift driver, "We don't want to lose you."

      g.     The counseling failed to stop the harassment and provoked the forklift driver to also call Soetaert "snitch" and "liar."

      h.     Around August 2019, the supervisor tried to stagger the schedules so that Soetaert and the forklift driver would not be in contact with each other. However, this too failed, as Soetaert frequently worked overtime and the forklift driver would come into work early to harass Soetaert.

      i.     Soetaert continued to complain about the forklift driver's harassment to Defendant after the scheduling change, but to no avail.

      j.     On December 1, 2019, the forklift driver intensified his harassment because of sex, accusing Soetaert in front of a truck driver of "sucking dick" to get her position. Later that day, the forklift driver threatened to burn Soetaert's house down to kill

her and her dog.

      k.    Soetaert complained to Defendant's HR department but was told that Defendant could not act against the forklift driver until she obtained "a restraining order."

      l.    On December 2, Soetaert obtained a personal protection order ("PPO") from the Berrien County Circuit Court and gave it to Defendant's representatives.

      m.    The PPO contained a sworn declaration that included, among other statements, affirmations that she had been repeatedly harassed at work.

14.    The forklift driver was finally terminated on December 2, 2019, but Defendant deemed him eligible for rehire.

15.    The effect of the practices complained of above was to deprive Soetaert of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

16.    The unlawful employment practices complained of above were intentional.

17.    The unlawful employment practices complained of above were done with reckless indifference to the federally protected

rights of Soetaert.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment;

B. ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant Employer to make whole Soetaert by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13 above, in amounts to be determined at trial.

D. ORDER Defendant Employer to make whole Soetaert by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraph 13, above, including but not limited to emotional pain, suffering,

inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

E. ORDER Defendant Employer to pay Soetaert punitive damages for its malicious and reckless conduct described in paragraph 13 above, in amounts to be proven at trial;

F. GRANT such further relief as the Court deems necessary and proper in the public interest.

G. AWARD the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

/s/ Dale Price
DALE PRICE (P55578)
Senior Trial Attorney

Dated: June 15, 2023

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
DETROIT FIELD OFFICE
Patrick V. McNamara
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Tel. No. (313) 774-0028