UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff

v.

PERO FAMILY FARMS FOOD
COMPANY, LLC,

    Defendant.

Hon. Jane M. Beckering

Case No. 1:23-cv-622

## JOINT STATUS REPORT

## RULE 26(F) JOINT PROPOSED DISCOVERY PLAN

A Rule 16 Scheduling Conference is scheduled for September 12, 2023, before the Hon. Jane M. Beckering. On August 31, 2023, counsel for the parties conferred to prepare a Joint Proposed Discovery Plan pursuant to Fed. R. Civ. P. 26(f), which the parties submit as follows for the Court's consideration. Appearing for the parties as counsel at the Rule 16 Conference will be Dale Price for Plaintiff and David Stein and Sabrina Niewialkouski for Defendant.

**1.**    **Jurisdiction:** This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1345. There is federal question jurisdiction. Plaintiff, the Equal Employment Opportunity Commission, an agency of the United States, alleges that Defendant violated Title VII of the Civil Rights Act of 1964, as amended.

2. **Jury or Non-Jury:** Plaintiff has made a jury demand.

3. **Judicial Availability:** The parties do not agree to have a Magistrate Judge conduct any and all further proceedings or order the entry of final judgment.

4. **Statement of the Case:**

**Plaintiff**:

The Commission's Charging Party, Melissa Soetaert, was hired as an inventory coordinator by Defendant in August 2018. After Soetaert ended a prior romantic relationship with a forklift-driving co-worker, the forklift driver regularly and inappropriately uttered offensive sexual remarks to and about Soetaert, both on and off the job. This conduct began in July 2019 and included comments about her breasts and buttocks, her sexual history, accusations of her having sex with other forklift and truck drivers, calling her a "bitch" and telling her to "suck a dick" when he refused her requests to move product.

The forklift driver also occasionally made violent threats to Soetaert because of sex, saying he would run her over with a forklift, threatening to get a female co-worker to "beat [her] ass."

Soetaert repeatedly complained to her supervisor and human resources personnel to address the forklift driver's harassment that was occurring both on and off the job. But because Defendant failed to take appropriate action, the harassment did not cease. The supervisor promised to talk to the forklift driver and occasionally spoke to him about his behavior. However, on at least one occasion during such a conversation, the supervisor told the forklift driver "We don't want to lose you."

Around August 2019, the supervisor tried to stagger the schedules so that Soetaert and the forklift driver would not be in contact with each other. However, this too failed, as Soetaert frequently worked overtime and the forklift driver would come into work early to harass Soetaert.

2

After the scheduling change, Soetaert continued to complain about the forklift driver's harassment to Defendant, to no avail.

On December 1, 2019, the forklift driver intensified his harassment because of sex, accusing Soetaert in front of a truck driver of "sucking dick" to get her position. Later that day, the forklift driver threatened to burn Soetaert's house down to kill her and her dog.

Soetaert complained to Defendant's HR department but was told that Defendant could not act against the forklift driver until she obtained "a restraining order."

The next day Soetaert obtained a personal protection order from the Berrien County Circuit Court and gave it to Defendant. The PPO contained a sworn declaration that included, among other statements, Soetaert's affirmations that she had been repeatedly harassed at work. The forklift driver was finally terminated on December 2, 2019, but Defendant deemed him eligible for rehire.

**Defendant**:

On or about August 31, 2018, Pero hired Ms. Soetaert as an at-will Inventory Coordinator,. During Ms. Soetaert's employment at Pero in her position as Inventory Coordinator and on or about May 2019, Ms. Soetaert informed Robert Stansifer, Pero's Warehouse Manager and Ms. Soetaert's direct supervisor ("Mr. Stansifer") that she had become involved in a romantic relationship with Devadre Dyson, a forklift driver for Pero ("Mr. Dyson"). Upon being advised of same, Mr. Stansifer simply requested that both parties maintain professionalism and keep their personal lives separate from work.

On or about August 2019, Ms. Soetaert informed Ivan Mendez, Pero's Director of Distribution ("Mr. Mendez") and Mr. Stansifer that her relationship with Mr. Dyson had ended. At that time, Ms. Soetaert advised Mr. Stansifer that she did not want to interact with Mr. Dyson; however, **at no point** did Ms. Soetaert notify Mr. Stansifer or Human Resources that Mr. Dyson was allegedly harassing her. Nonetheless, despite the fact that Ms. Soetaert only advised Pero of the potential discomfort that she would experience by having to interact with Mr. Dyson, as is common in situations

where a consensual romantic relationship ends, and not due to any inappropriate conduct by Mr. Dyson, Pero made an effort to limit Ms. Soetaert's interaction with Mr. Dyson in the workplace. Specifically, Cristina Marquez, the head of Human Resources, moved Mr. Dyson's shift start time to 12:00 p.m., towards the end of Ms. Soetaert's shift end time at 2:30 p.m., and reported early to work most days to have Mr. Dyson report only to her.

On December 1, 2019, Ms. Soetaert contacted Mr. Stansifer after work hours to inform him that Mr. Dyson had been threatening her and she would be obtaining a restraining order against him. This was the **first time** that Ms. Soetaert had ever informed Pero of any inappropriate behavior on the part of Mr. Dyson towards her. The next day Ms. Soetaert obtained a restraining order against Mr. Dyson from the Second Judicial Circuit of Barren County. Even though Pero had not previously been made aware of any inappropriate conduct by Mr. Dyson towards Ms. Soetaert at work, by either Ms. Soetaert or any other person, Pero took immediate action to protect Ms. Soetaert in the workplace. On that day, Pero immediately terminated Mr. Dyson.[1]

There is simply no merit to Ms. Soetaert's Charge. Ms. Soetaert decided to voluntarily resign from her position at Pero. In addition, Ms. Soetaert's sexual harassment claim fails—prior to December 1, 2019, Ms. Soetaert did not notify either her direct supervisor nor Human Resources that Mr. Dyson was allegedly sexually harassing her. In fact, upon being notified that the consensual romantic relationship between Mr. Dyson and Ms. Soetaert had ended, despite the absence of any allegations of inappropriate conduct by either party and solely as a precautionary measure, Pero tried to limit the interaction between Mr. Dyson and Ms. Soetaert in the workplace. Most importantly, however, as soon as Ms. Soetaert notified Pero of her claims of harassing conduct by Mr. Dyson and her restraining order against him, Pero engaged in prompt remedial action and **immediately** terminated Mr. Dyson.

5.   **Prospects of Settlement:** The parties have not engaged in settlement negotiations thus far but welcome opportunities to do so.

---

[1] Pero terminated Mr. Dyson, despite the fact that there had never been any documented issues related to Mr. Dyson and Pero considered him a good employee.

4

**6.  Pendent State Claims:** This case does not include pendent state claims.

**7.  Joinder of Parties and Amendment to Pleadings:** The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by October 16, 2023.

**8.  Disclosures and Exchanges:**

Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise.

    (a)  <u>Initial Disclosures</u>: Rule 26(a)(1) disclosures are to be made on or before November 16, 2023.

    (b)  <u>Expert Disclosures</u>

        1. Disclose name, address, area of expertise and provide a short summary of expected testimony of all testifying liability experts (Rule 26(a)(2)(A)):

        <u>Plaintiff</u>: February 9, 2024

        <u>Defendant</u>: March 8, 2024

        2. Disclosure of Liability Expert Witness Reports (Rule 26(a)(2)(B)):

        <u>Plaintiff</u>: March 13, 2024

        <u>Defendant</u>: April 12, 2024

        3. Disclose name, address, area of expertise and provide a short summary of expected testimony of all testifying damages experts (Rule 26(a)(2)(A)):

<u>Plaintiff</u>: Within 30 days after the dispositive motion deadline if no such motion is filed, or within 30 days after the decision on the dispositive motion(s).

<u>Defendant</u>: Within 30 days after Plaintiff's disclosure.

4. Disclosure of Damages Expert Witness Reports (Rule 26(a)(2)(B)):

<u>Plaintiff</u>: No later than 90 days before trial.

<u>Defendant</u>: No later than 60 days before trial.

5. Expert Depositions: No Later Than 30 Days Before Trial

(c) The parties have agreed to make available the following documents without the need of a formal request for production:

From Plaintiff to Defendant by November 16, 2023, copies of documents referenced in Plaintiff's initial Rule 26 disclosures.

From Defendant to Plaintiff by November 16, 2023, copies of documents referenced in Defendant's initial Rule 26 disclosures.

**9. Discovery:** The parties have read the Court's guidelines on discovery and developed the following discovery plan:

(a) Discovery will be needed on the following subjects: Melissa Soetaert's harassment allegations; communications between Soetaert and Defendant and between Defendant's personnel; the Defendant's anti-harassment policies and whether it enforces such policies; all other claims or allegations made in Plaintiff's Complaint; Defendant's affirmative defenses; and the nature and extent of Melissa Soetaert's alleged damages.

(c) The parties do not propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure. There is no need to conduct discovery in phases.

ACTIVE 690000238v1

(c)   The parties agree that the presumptive limits for interrogatories and depositions will be sufficient for the purposes of the case.

(d)   The parties do not propose that the Court enter any additional order pursuant to Fed. R. Civ. P. 16(b), 16(c) or 26(c) at this time. Should such an order ultimately become necessary, the parties shall first attempt to resolve any issues by agreement and shall only seek Court intervention in the event that they are unable to reach an agreement.

(e)   Time for Discovery: The parties agree upon and request nine(9) months of discovery. Discovery deadlines shall be governed by the Court's scheduling order. Counsel for the parties also recommend the following date:

Discovery Close Date: May 12, 2024

## 10. Disclosure or Discovery of Electronically-Stored Information:

At this time, the parties do not anticipate any issues or disputes regarding the disclosure or discovery of electronically stored information ("ESI"). The parties expect that the requested ESI will likely be limited to data reasonably available to the parties in the ordinary course of business. ESI will be produced in a manner in which it can be easily reviewed and identified by the receiving party and the Court (generally, in a reasonably usable format, but not PDF when such would purge the documents of metadata.

The parties further agree throughout the course of the case, to continue to meet and confer on electronic discovery issues, including the following issues, if warranted: a) production and review methodologies, including de-duplication techniques and procedures, key word methodologies to be used to locate, search, refine and produce ESI, and the manner in which the parties believe they can reasonably produce discoverable ESI from databases and similar data sources; b) the timing for the production of ESI, including the use of a "rolling production" methodology; iii) cost-limiting and/or allocation issues surrounding the preservation, harvesting, processing, review and production of ESI requested by a party to meet the proportionality mandates of Rules 26(b); and c) the need to preserve and

search sources of ESI that any party identifies as not reasonably accessible pursuant to Rule 26(b)(2)(B), including the need for such information in the first instance and limiting or shifting costs should there be such a need.

**11. Assertion of Claims of Privilege or Work-Product Immunity After Production**: The parties agree that such claims shall be governed by Rule 26(b)(5).

**12. Motions:** The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dispositive motions, counsel or *pro se* parties involved in the dispute shall confer in a good–faith effort to resolve the dispute. In addition, all non-dispositive motions shall be accompanied by a separately filed certificate.

Plaintiff does not contemplate filing a dispositive motion at this time.

The Defendant anticipates that it will file a dispositive motion in this case.

The parties anticipate that all dispositive motions will be filed by June 14, 2024.

**13. Alternative Dispute Resolution:** Counsel for the parties are open to the possibility of resolving the matter by settlement conference or via an alternative dispute resolution form. This can be explored further as the case progresses.

Both parties are open to voluntary facilitative mediation, with the proportional bearing of costs by all participants. The Plaintiff does not agree to participate in the State of Michigan's case evaluation program.

The Plaintiff will need to engage in document discovery before being able to productively participate in any form of dispute resolution. It is open to conducting ADR after an exchange of written discovery. If depositions are required before ADR, it will need to conduct those of the Defendant's supervisory and managerial witnesses.

The Defendant will also need to engage in document discovery and conduct the deposition of Charging Party before productively engaging in dispute resolution.

The parties do not yet have a preferred timeframe for ADR but will comply with the Court's deadline in the matter.

The parties propose that ADR take place on or before May 30, 2024.

**14.    Length of Trial**: The parties estimate trial would last 4-5 days.

**15.    Electronic Document Filing System**: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must file documents electronically but serve *pro se* parties with paper documents in the traditional manner.

**16.    Other Factors Relevant to the Case**: At this time, the parties do not believe that this case has any special characteristics that warrant extended discovery, accelerated disposition, etc.

Date: September 5, 2023              GREENBERG TRAURIG, LLP

                                     By: */s/ David J. Stein*
                                         David J. Stein
                                         77 West Wacker Drive, Suite 3100
                                         Chicago, IL  60601
                                         Tel. (312) 456-1002
                                         David.stein@gtlaw.com

        Paul B. Ranis
        Sabrina D. Niewialkouski
        401 E Las Olas Blvd. Suite 2000
        Fort Lauderdale, FL 33301
        Tel. (954)468-5242
        ranisp@gtlaw.com
        niewialkouskis@gtlaw.com

*Attorneys for Defendant*


EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Attorney for Plaintiff

Date: September 5, 2023    /s/ Dale Price
        Dale R. Price (P55578)
        Detroit Field Office
        Patrick V. McNamara Building
        477 Michigan Avenue, Room 865
        Detroit, MI 48226
        dale.price@eeoc.gov
        313.774.0028