UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.

PERO FAMILY FARMS FOOD COMPANY,
LLC,

    Defendant.
_____/

Hon. Jane M. Beckering

Case No. 1:23-cv-622

**REPORT AND RECOMMENDATION**

    This matter is presently before me for a report and recommendation on Plaintiff's Motion to Enforce Settlement Agreement. (ECF No. 24.) Having reviewed both parties' filings and supporting exhibits, pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **GRANT** the motion and direct the parties to submit the fully-executed Consent Decree for entry by the Court.

    Plaintiff initiated this action on June 15, 2023 (ECF No. 1), and Defendant filed its answer on August 8, 2023. (ECF No. 10.) On September 12, 2023, the Court entered a Case Management Order (CMO) setting forth deadlines for completion of certain matters. (ECF No. 15.) On May 1, 2024, the Court entered a stipulated order adjourning certain dates in the CMO to allow the parties to continue settlement discussions. (ECF No. 20.)

    Thereafter, the parties continued to explore settlement, and on August 6, 2024, agreed to the terms of a Consent Decree, including a monetary payment. (ECF No. 24-2; ECF No. 24-3 at PageID153.) In light of the agreement, Plaintiff's counsel cancelled previously-scheduled depositions for the case (ECF No. 24-4), and Defendant's counsel notified the facilitator that her

1

services would not be needed. (ECF No. 24-5.) At 12:20 p.m. on August 6, Defendant's counsel sent Plaintiff's counsel the final draft of the Consent Decree for signature, stating, "[o]nce we get a signed copy we will sign and return." (ECF No. 24-6 at PageID.162.) Plaintiff's counsel returned the signed version to Defendant's counsel later that afternoon, noting that he had made a minor change to reflect the fact of only one payment and one check. (*Id.*) About a half hour later, Defendant's counsel emailed Plaintiff's counsel requesting that provisions be included either in the Consent Decree or a separate order stating that the complaint and all claims are dismissed with prejudice and that the Court retains jurisdiction to enforce the terms of the Consent Decree. (ECF No. 24-7 at PageID.170.) In response, Plaintiff's counsel reminded Defendant's counsel that the parties had reached an enforceable settlement agreement but offered to insert a paragraph addressing counsel's concerns. (*Id.* at PageID.169–70.) Defense counsel indicated that he was unaware that Plaintiff had intended to use the Consent Decree as a dismissal and questioned why Plaintiff was unwilling to use dismissal language in the Consent Decree. He further indicated that someone at the Court told him that the Court would require dismissal language sufficient to allow it to close the case. (*Id.* at PageID.169.) As it turns out, the Court's staff had merely advised that in other unspecified cases, the parties had used similar language regarding dismissal, closing the case, and retaining jurisdiction. (ECF No. 27-2 at PageID.213.) Plaintiff filed the instant motion after the parties were unable to resolve their disagreement.

It is well established that a trial court possesses "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." *Kukla v. National Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir. 1973) (internal quotation marks omitted); *see also Bostick Foundry Co. v. Lindberg*, 797 F.2d 280, 282–83 (6th Cir. 1986) ("This circuit has long recognized the broad, inherent authority and equitable power of a district court to enforce an agreement in settlement of litigation pending before it. . . ."). The validity of an agreement is not

predicated on the execution of a written document. "When parties have agreed on the essential terms of a settlement, and all that remains is to memorialize the agreement in writing, the parties are bound by the terms of the oral agreement." *RE/Max Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001); *see also Anschutz v. Radiology Assocs. of Mansfield, Inc.*, 827 F. Supp. 1338, 1343 (N.D. Ohio 1993) ("The case law indicates that a settlement agreement may be enforced even where the agreement has not been arrived at in the presence of the Court nor reduced to writing." (citations omitted)). It is also within a court's inherent power to direct a party to execute and deliver settlement documents that reflect an agreed resolution of the case. *Jaynes v. Austin*, 20 F. App'x 421, 426 (6th Cir. 2001) ("The district court simply directed Defendant to sign forms of the General Releases limited to terms that the parties previously bargained for and incorporated into the mediated Settlement Agreements to dispose of the case. This order was within the inherent power of the district court to enforce the Settlement Agreements while the action was before it."). Before enforcing a settlement agreement, however, the court must determine that an agreement has been reached on all material terms. *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988).

There is no dispute that the Consent Decree embodies the parties' agreement on all the material terms of their settlement. Moreover, the parties clearly agreed that their agreement would be implemented through entry of the Consent Decree. The only issue is whether dismissal and final order language is required in the Consent Decree or a separate order to close the case.

Contrary to Defendant's assertion, no dismissal and final order language—whether in the Consent Decree of in a separate order—is necessary or warranted. As noted, the parties agreed that the case should be resolved through entry of the Consent Decree. Like a settlement agreement, a consent decree embodies the parties' contractual agreement, but unlike a settlement agreement, a consent decree constitutes a final judgment. *See Rufo v. Inmates of the Suffolk Cnty. Jail*, 502 U.S.

3

367, 391 (1992); *Vogel v. City of Cincinnati*, 959 F.2d 594, 598 (6th Cir. 1992). A consent decree "is a hybrid in the law, sharing features of both a voluntary settlement agreement that requires no judicial intervention and a final judgment order that throws the prestige of the court behind the compromise struck by the parties. " *National Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007). Being a final judgment, a consent decree is thus immediately appealable. *Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 590 (1984) (Stevens, J. concurring) (citing *Carson v. American Brands, Inc.*, 450 U.S. 79 (1981)).

Defendant's contention that dismissal/final order language is required to conclude the case is unpersuasive because, by definition, with the entry of a consent decree, a final judgment is entered, and the case is concluded. No more is required. Thus, under Federal Rule of Civil Procedure 54(a), a consent decree constitutes a judgment, signaling that it is the court's final act in the case. Certainly, the Court is free to close the case if it wishes, but dismissal language is not required for such action. As Plaintiff points out, this is precisely what occurred in Case No. 1:23-cv-435, ECF No. 18. *See Gold Medal Prods., Inc. v. C. Cretors & Co.*, No. 03-269, 2008 WL 11342668, at *1 (E.D. Ky. Mar. 25, 2008) (closing case and striking it from the court's active docket following entry of a consent judgment).[1] Moreover, because the Consent Decree expressly provides that it fully and finally resolves all matters in controversy and specifies that the Court retains jurisdiction to enforce it, it is difficult to see what Defendant would gain by additional language dismissing the case with prejudice, particularly if the Court closes this case as it did in Case No. 1:23-cv-435.

---

[1] Defendant inaccurately states that Plaintiff concedes that the Court has authority to dismiss the case with prejudice in a final order while retaining jurisdiction. (ECF No. 27 at PageID.199.) Rather, Plaintiff merely acknowledges that "the Court may wish to administratively close the case while retaining jurisdiction to enforce the Decree if necessary," which is wholly different from dismissing it with prejudice. (ECF No. 24 at PageID.137 n.1.)

Finally, Defendant's reliance on *Re/Max International, Inc. v. Realty One, Inc.*, 271 F.3d 633 (6th Cir. 2001), is misplaced. *Re/Max* involved the not-uncommon situation where the parties resolved the litigation through a settlement agreement, not a consent decree or judgment, and the Court agreed to retain jurisdiction to enforce the settlement agreement. In those circumstances, a separate order of dismissal retaining jurisdiction to enforce the settlement agreement is necessary to conclude the case, as a settlement agreement, alone, will not do so. Here, of course, the Consent Decree concludes the case.

## Conclusion

For the foregoing reasons, I recommend that the Court grant Plaintiff's Motion to Enforce Settlement Agreement (ECF No. 24) and direct the parties to submit the fully-executed Consent Decree for entry by the Court.

Dated: September 9, 2024                             /s/ Sally J. Berens
                                                     SALLY J. BERENS
                                                     U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).