UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

v.

PERO FAMILY FARMS FOOD
COMPANY, LLC.

        Defendant.

Case No. 1:23-cv-622

Hon. Jane M. Beckering

## CONSENT DECREE

The United States Equal Employment Opportunity Commission ("Commission" or "EEOC") filed this action against Pero Family Farms Food Company LLC (hereinafter "Pero") on June 15, 2023, under Title VII of the 1964 Civil Rights Act ("Title VII") alleging that Pero violated Title VII by subjecting Melissa Soetaert to a sexually hostile work environment. Pero denies the allegations, and further denies any violation of Title VII.

It is the intent of the parties that this action be resolved by this

Consent Decree ("Decree"). It is the finding of this Court, made on the pleadings and the record as a whole that: 1) the Court has jurisdiction over the parties and the subject matter of this action; 2) the purpose and provisions of Title VII will be promoted by the entry of this Decree; and 3) this Decree fully and finally resolves all matters in controversy arising out of the EEOC's complaint.

Therefore. It is hereby ORDERED, ADJUDGED, AND DECREED:

## NON-DISCRIMINATION

1. Pero and its officers, agents, employees, successors, and assigns from the date of the entry of the decree through the duration of the Decree identified in paragraph 19 are enjoined from subjecting or exposing female employees to sexual harassment.

2. Pero and its officers, agents, employees, successors, and assigns from the date of the entry of the decree through the duration of the Decree identified in paragraph 19 are enjoined from creating or maintaining a sexually hostile work environment.

3. Pero and its officers, agents, employees, successors, and assigns from the date of the entry of the decree through the duration of the

Decree identified in paragraph 19 shall not fail to take prompt, remedial action to address internal complaints of sexual harassment.

4. Pero and its officers, agents, employees, successors, and assigns from the date of the entry of the decree through the duration of the Decree identified in paragraph 19 are enjoined from retaliating against any employee because s/he: (i) opposes sexual harassment; and/or (ii) complains of sexual harassment or participates in an investigation or proceeding brought under Title VII.

## MONETARY RELIEF

5. Pero shall pay to Melissa Soetaert non-pecuniary compensatory damages in the amount of $40,000 in compensatory and punitive damages. Pero shall not deduct any amount from the payment of compensatory or punitive damages. An IRS Form 1099 shall be issued for compensatory and punitive damages.

6. The payment to Soetaert shall be mailed directly to her home address by certified mail within fifteen (15) days after this Consent Decree has been entered by the Court. Within fifteen (15) days after mailing the payments, Pero shall send photocopies of the check and certified mail receipt to Kenneth Bird, Regional Attorney, c/o Dale

Price, Senior Trial Attorney, 477 Michigan Avenue, Room 865, Detroit, MI 48226. Copies of the check shall also be e-mailed to dale.price@eeoc.gov and monitoring-eeoc-indo@eeoc.gov.

## IRC REDUCTION

7. **Form 1098-F**. The individual who should receive the copy of the Form 1098-F if the EEOC is required to issue one is:

> Name: Angela Pero, President, Pero Family Farms Food Company, LLC
>
> Business Address: 14095 State Road 7, Delray Beach, FL 33446.

8. **No Representation on IRC Deduction**. The EEOC has made no representations regarding whether the amount paid pursuant to this Decree qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

9. **No Reliance on Representations Concerning Deduction**. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this Decree

qualify for a deduction under the Internal Revenue Code. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

## TRAINING

10. Within ninety (90) days after the Court's entry of this Decree and thereafter on an annual basis for the duration of this Decree, Pero will provide either in-person or live interactive-online training on sex discrimination, sexual harassment, and retaliation to all employees at the Benton Harbor facility and all individuals who supervise personnel there, including Pero's Florida human resources personnel. Each training session will last at least one (1) hour. All new employees at the Benton Harbor facility hired between trainings will receive at least one hour of training on sex discrimination and sexual harassment within sixty (60) days of their first workday. This training may consist of a recording of a previous training required under this paragraph. All employees at the Benton Harbor facility will sign a register when they attend any training pursuant to this paragraph. Pero will retain each register and forward a copy containing each attendee's name, job title, department, city and state where they work, phone number, and a copy

of the written training materials used to Kenneth Bird, Regional Attorney, care of Dale Price, Senior Trial Attorney, EEOC, 477 Michigan Ave., Room 865, Detroit, MI 48226 and by email to dale.price@eeoc.gov and monitoring-eeoc-indo@eeoc.gov. Registers shall be provided within twenty-one (21) days of the initial and each annual training.

**REVISED HANDBOOK**

11. Within ninety (90) days after the Court's entry of this Decree, Pero will issue an updated policy and procedure concerning harassment and retaliation at the Benton Harbor location. Such revised policy will be sent to the Commission's Regional Attorney via US mail and electronic mail at the addresses listed in paragraph 6 of the Decree. The revised policy will include the 24-hour, third-party, anonymous hotline (see paragraph 13 below). The policy will also state that: 1) reports of harassment and discrimination may be made orally or in writing, and may be made anonymously to any manager or supervisor at Pero, or through the hotline; 2) such complaints will be investigated; 3) a good faith effort will be made to interview the complaining party and any witnesses; and 4) there shall be no retaliation against any employee

who makes a complaint of any form of harassment or discrimination in good faith or who participates in the investigation of a complaint of harassment or discrimination or who opposes harassment or discrimination in the workplace. All notes or records created as part of the investigation will be preserved in writing by the Human Resources Department in a file available for review and production.

## DISSEMINATION OF HARASSMENT POLICIES AND PROCEDURES

12. The policy and procedure referenced in paragraph 11 above will be distributed to each current Pero employee at the Benton Harbor location within one hundred (100) days of the Court's entry of this Decree and to each new Pero employee when hired. Distribution to remaining locations owned by Defendant will occur within six (6) months of the Court's entry of this Decree and to each new employee when hired.

13. Within ninety (90) days of the entry of the Decree, Pero shall establish and maintain a 24-hour anonymous hotline to receive complaints of harassment and shall provide proof of its creation to the Commission, including identification of the persons at Pero staffing and supervising it. The 24-hour anonymous hotline will be established for

the remaining locations owned by Defendant within one year of the Court's entry of this Decree. Defendant shall notify the Commission within one week of the hotline's activation and shall provide the Commission the phone number available to the employees.

14. Within ninety (90) days of the Court's entry of this Decree, Pero will send an email to all employees at the Benton Harbor location informing them of the availability of a 24-hour hotline for employees to anonymously report complaints of harassment or discrimination. Pero will post such email and the hotline phone number on its intranet site where employee notices are normally posted. The email shall state that the company is firmly committed to a workplace free from harassing conduct, the company takes all complaints of harassment seriously, no one will be retaliated against for reporting harassment, and individuals who harass will be subject to discipline up to and including termination. Pero will inform the remaining locations owned by Defendant in the same way about the availability of a 24-hour hotline within one year after the Court's entry of this Decree.

15. During every training session under the Decree and for every new hire, Pero will remind employees that alleged harassment or

discrimination may be reported through the hotline specified in paragraph 11.

## NOTICE POSTING

16. Within sixty (60) days after the Court's entry of this Decree, Pero will post the notice appended to this Decree as Attachment A (the "Notice") in the same prominent, conspicuous, and accessible place where employee notices are posted for the Benton Harbor location. The Notice will remain posted for the duration of the Decree. Written confirmation that the Notice has been posted will be sent via mail and email to the addresses listed in paragraph 6 of the Decree. If the Notice becomes defaced, marred, or otherwise made unreadable, Pero will post a readable copy of the Notice as soon as practicable.

## REPORTING ABOUT PERO TO THE EEOC

17. For the duration of this Decree, Pero shall submit to the Commission annual reports ("Compliance Reports"), which detail Pero's compliance with this Decree. The first report shall be due twelve (12) months after the Court enters this Decree, with each subsequent report due twelve (12) months thereafter, except that the final report will be submitted at least ninety (90) days before the end of the decree.

18.  All Compliance Reports will contain the following information: (a) the names, and job titles of all employees at the Benton Harbor location who made allegations, orally or in writing, about, sexual harassment and/or retaliation in the preceding twelve months; (b) the departments and locations where such employees work (c) the nature of the complaint; (d) a description of Pero's investigation in response to the complaint; (e) the conclusions of the investigation; (f) the corrective action taken, if any; and (g) the names and titles of the person(s) who investigated the complaint(s). This includes all complaints submitted via the hotline. If no such complaints were made, Pero will submit the required report and indicate that it did not receive any complaints during the reporting period. Each Compliance Report will be submitted by mail and email to the Commission at the contact information listed in paragraph 6 of the Decree.

## DURATION

19.  Absent an agreed upon or ordered extension, this Decree shall expire by its own terms at the end of three (3) years from the date it has been entered by the Court.

## DISPUTE RESOLUTION AND COMPLIANCE

20. This Court will retain jurisdiction to enforce this Decree and will have all equitable powers, including injunctive relief, to enforce this Decree. Upon motion, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The parties agree to engage in a good faith effort to resolve any dispute as to compliance with this Decree prior to seeking review by the Court, and the EEOC will give Pero fourteen (14) days' notice before moving for such review. The EEOC may conduct written discovery under the Federal Rules of Civil Procedure for purposes of determining compliance with this Decree. If the Court determines that Pero has not complied, the Court may order appropriate relief.

21. If, following the Commission's motion to enforce the Decree, the Court determines that Pero was willfully non-compliant without reasonable justification, the Court may determine an appropriate remedy, which can include attorney's fees, costs and extension of the term of the Decree. Such remedy may also include fees up to Five Hundred Dollars ($500) per day, from the day the EEOC sent notice of non-compliance to Pero through the date that Pero cures its non-compliance with the Decree.

## MISCELLANEOUS

22. If any provision of this Decree is found to be unenforceable or unlawful, only the specific provision in question will be affected and the other provisions will remain in full force and effect.

23. This Decree constitutes the entire agreement and commitments of the Commission and Pero. Only the Court may modify this Decree.

24. The terms of this Decree are and shall be binding upon the successors and assigns of Pero from the date of the entry of the decree through the duration of the Decree identified in paragraph 19.

25. Except as provided in Paragraph 21 above, each party is responsible for and will pay its own costs and attorney fees.

IT IS SO ORDERED:

Dated: September 24, 2024

/s/ Jane M. Beckering
Hon. Jane M. Beckering
United States District Judge

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dale Price  9-13-2024
Dale Price (P55578)
Equal Employment Opportunity Commission
477 Michigan Ave., Room 865

Detroit, Michigan 48226
(313) 774-0028
dale.price@eeoc.gov

Date: __9-9-2024__

PERO FAMILY FARMS
FOOD COMPANY, LLC

_____

## Attachment A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Indianapolis District Office**

115 W. Washington, Suite 600
South Tower
Indianapolis, IN 46204
(800) 669-4000; TTY (800) 669-6820
www.eeoc.gov

## NOTICE OF CONSENT DECREE BETWEEN THE EEOC AND PERO FAMILY FARMS FOOD COMPANY, L.L.C., REGARDING SEXUAL HARASSMENT IN THE WORKPLACE

Harassment is a form of employment discrimination that violates federal law. It is unlawful to harass an employee because of that person's sex. Harassment can include sexual harassment, unwelcome sexual advances, requests for sexual favors, and other verbal or physical harassment of a sexual nature. The harasser can be an owner, the victim's manager, supervisor, a manager or supervisor from another location, a co-worker, or someone who is not an employee of the employer, such as a client or customer.

As set forth in Pero's Employee Handbook and related policies, Pero does not tolerate any form of sexual harassment or sex discrimination. Pero employees can complain of discrimination or harassment in the workplace. An employee may contact the Equal Employment Opportunity Commission (EEOC) to file a charge of employment discrimination.

Under federal law, no manager, officer or supervisor at Pero will retaliate against an employee who makes an internal complaint of harassment or discrimination, participates in the investigation of a complaint, or contacts the EEOC or the Michigan Department of Civil Rights about alleged harassment or discrimination. This official notice shall remain posted for two years from the date of the signing.

_____
For Pero Family Farms Food Company, LLC

SIGNED this __9th__ day of __September__, 2024.

Questions concerning this notice may be addressed to:
Equal Employment Opportunity Commission
115 W. Washington St.
South Tower Suite 600
Indianapolis, IN 46204
Telephone: (800) 669-4000 - TDD (800) 669-6820